```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


PETE WILKERSON,                    :
                                   :
        Petitioner                 :
                                   :
    v.                             :     CIVIL NO. 3:CV-05-1870
                                   :
JOSEPH V. SMITH,                   :     (Judge Conaboy)
                                   :
        Respondent                 :
```
_____

## MEMORANDUM AND ORDER

### Background

Pete Wilkerson, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Accompanying the petition is an in forma pauperis application. Named as Respondent is Warden Joseph Smith of USP-Lewisburg.

Wilkerson states that he entered a guilty plea to charges of armed bank robbery in violation of § 2113(a) & (d), and carrying and using a firearm during the commission of a crime of violence under 18 U.S.C. 924(c) in the United States District Court for the Western District of Washington. He was sentenced on December 22, 2000 to an aggregate one hundred and ninety-two (192) month term of incarceration.

Petitioner indicates that he did not file a direct appeal of his federal conviction. There is also no indication that Wilkerson challenged his federal conviction via a motion pursuant

1

to 28 U.S.C. § 2255.

In his present action, Petitioner alleges that the mandatory application of the Federal Sentencing Guidelines in his case violated his rights under the Sixth Amendment. Wilkerson claims entitlement to relief based on the United States Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (2005). Previously, in Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Booker reaffirmed Apprendi adding that the Federal Sentencing Guidelines were not mandates but advisory only. Petitioner adds that his present petition should be entertained because Booker was not available during the period in which he could have sought relief under 28 U.S.C. § 2255. See Doc. 1, ¶ 12.

## **Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall

2

make an order for its summary dismissal and cause the petitioner to be notified."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

The usual avenue for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is a § 2255 motion in the sentencing court. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (emphasis added).

A § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Myers v. Booker, 232 F.3d 902, 2000 WL 1595967, at *1

(10th Cir. Oct. 26, 2000) (citing <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996)), <u>cert. denied</u>, 122 S.Ct. 1951 (2002).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.

> It has long been the rule in this circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."

<u>United States v. Brooks</u>, 230 F.3d 643, 648 (3d Cir. 2000) (citing <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)); <u>see also</u> <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam). As noted by the Court of Appeals for the Fifth Circuit, a petitioner has the burden to prove that the remedy afforded by § 2255 is inadequate or ineffective. <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir. 2001) (citing <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000)).

Satisfaction of this burden cannot be accomplished by showing that a prior § 2255 motion has been denied. <u>In re Davenport</u>, 147 F.3d 605, 608 (7th Cir. 1998); <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.), <u>cert. denied</u>, 488 U.S. 982 (1988); <u>Litterio v. Parker</u>, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).

To allow Wilkerson to file a habeas petition in his district of confinement would obliterate congressional attempts to promote finality in federal criminal cases.

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil also addressed what circumstances make a § 2255 remedy inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined supra at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil,119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Wilkerson does not assert that his present action is based on any newly discovered evidence. He also has not established that

5

the Booker decision is retroactively applicable to cases on collateral review. Unlike Dorsainvil, Petitioner's present claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction. Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged. In this case, Wilkerson has failed to present any allegations suggesting that he was not involved in the alleged underlying criminal activity. Rather, his claims are based on a sentencing related issues, namely, that his sentence was improperly enhanced. Consequently, it is apparent that the claims for relief pending before this Court have nothing to do with the actual question of Petitioner's guilt.

With respect to his Booker claim, a review of that decision provides that it has not been made retroactive to cases on collateral review. In Tyler v. Cain, 533 U.S. 656, 663 (2001),[1] the Supreme Court established that a new rule of law is *not* made retroactive to cases on collateral review unless the Court itself holds it to be retroactive. A review of Booker reveals that there

---

[1] While Tyler specifically addressed the detention of a state prisoner and thus a claim presented under 28 U.S.C. § 2254, the holding applies equally to a federal prisoner's § 2255 claim. This is so because a § 2255 motion is the federal equivalent of a state habeas petition filed pursuant to § 2254 and was intended to mirror § 2254 in operative effect. United States v. Vancol, 916 F. Supp. 372, 377, n.3 (D. Del.)(citing Reed v. Farley, 512 U.S. 339, 353 (1974)). Precedent under § 2254 and § 2255 may be used interchangeably. Vancol, 916 F. Supp. at 377 n.3 (citing Kaufman v. United States, 394 U.S. 217, 224-27 (1969)).

is no indication that said decision was determined to have retroactive effect. Furthermore, the Court of Appeals for the Third Circuit recently held that the Booker decision does not have retroactive effect. See Lloyd v. United States, 2005 WL 1155220 (3d Cir. May 17, 2005).

Since Booker cannot presently be applied retroactively to cases on collateral review, this Court is precluded from considering Wilkerson's petition. See United States v. Pinkston, 153 F. Supp. 2d 557 (M.D. Pa. 2001). Based on the foregoing analysis, in this case the fact that Booker may have been decided after conclusion of the limitations period for initiation of Petitioner's direct appeal and initial § 2255 action, does not allow him to assert his claims as a § 2241 petition.[2]

Consequently, the petition for writ of habeas corpus will be dismissed without prejudice. Wilkerson, if he so chooses, may reassert any Booker claim by filing a § 2255 petition with the sentencing court. An appropriate Order will enter.

AND NOW, THIS 28th DAY OF SEPTEMBER, 2005, for the reasons set forth in the foregoing Memorandum, it is hereby Ordered that:

1. Petitioner is granted leave to proceed in forma pauperis.
2. The petition for a writ of habeas corpus is dismissed without prejudice.

---

[2] Under § 2255(3), if Booker was made retroactive, Wilkerson would have one (1) year from the date of that Supreme Court decision in which to assert a request for relief under § 2255.

7

    3.    The Clerk of Court is directed to close the case.

    4.    Based on the Court's determination herein, there is no basis for the issuance of a certificate of appealability.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge